STATE OF CONNECTICUT *v.* WILLIAM L. GORDON

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued January 8—decision released February 3, 1976

*Michael P. Koskoff,* with whom, on the brief, were *Theodore I. Koskoff* and *Lucy V. Katz,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PER CURIAM. On a trial to the jury, the defendant was convicted of the crimes of kidnapping, robbery with violence and binding. He was tried jointly with Michael Holup who was also found guilty of the same crimes. On his appeal, Gordon has filed numerous assignments of error only one of which it is necessary for us to consider—that the trial court erred in overruling his motion to sever his trial from that of Holup. The motion was filed in advance of the trial and was predicated upon the claim that the two defendants would assert defenses which were antagonistic to each other and mutually exclusive regarding each other.

It is unnecessary to discuss at length the merits of this appeal. The codefendant, Holup, appealed from his conviction and the merits of that appeal

have already been decided in the case of *State* v. *Holup,* 167 Conn. 240, 355 A.2d 119. That decision recites at length the factual situation applicable to both cases and the conclusion of this court (p. 246) that "[t]he defenses of the codefendants were not only incompatible but completely antagonistic." In Holup's case a new trial was ordered. Each codefendant pleaded not guilty but Gordon's defense, as it developed at the trial, was predicated on what was essentially a confession and avoidance theory, it being the claim of Gordon that his actions were the result of duress on the part of Holup.

As we noted in the decision on Holup's appeal, when a motion for separate trials is made to the trial court the test for that court is "whether substantial injustice is likely to result unless a separate trial be accorded. The test for this court is whether the denial of the motion for a separate trial has resulted in substantial injustice to the accused." Id., 245, quoting from *State* v. *Klein,* 97 Conn. 321, 324, 116 A. 596.

In view of the incompatible and completely antagonistic defenses of the codefendants as noted in the *Holup* decision and the circumstances which subjected Gordon to cross-examination by Holup's counsel while depriving him of any possible advantage by inference of guilt from the silence of Holup who did not testify, it must be concluded that the denial of Gordon's motion for a separate trial did result in substantial injustice to him and a new trial must also be ordered in his case.

There is error, the judgment is set aside and the case is remanded for a new trial.